UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WILLIAM MANUAL FERRELL, JR., | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | No. 2:14-cv-386-JAW |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| *Defendant* | ) | |

### RECOMMENDED DECISION ON MOTION TO DISMISS

The defendant, the Acting Commissioner of Social Security, moves to dismiss this action, asserting that it was filed beyond the time limit permitted by 42 U.S.C. § 405(g). Motion to Dismiss ("Motion") (ECF No. 12-1). I recommend that the court grant the motion.

### Background[1]

The plaintiff's complaint seeks judicial review of a decision denying his claim for Social Security benefits. Complaint (ECF No. 1). The complaint was filed on September 30, 2014. *Id.* The notice from the agency's Appeals Council, informing the plaintiff that his administrative appeal had been denied and that he had the right to file an action in federal court for judicial review of that decision within 60 days of his receipt of the notice, is dated May 23, 2014. Declaration of Kathie Hartt Court Case Preparation and Review Branch 2, Office of Disability Adjudication and Review, Social Security Administration ("Hartt Decl.") (ECF No. 12-2) ¶ 3(a). On July 11, 2014, the plaintiff requested from the Appeals Council an extension of 60 days to file his court appeal.

---

[1] The facts contained in this section have not been disputed by the plaintiff.

*Id.* ¶ 3(b); ECF 12-5.  By letter dated August 13, 2014, the Appeals Council extended the time by which the plaintiff could file this action by 30 days.  Letter dated August 13, 2014, from Nia L. Thomas to Melanie Lovell, with copy to plaintiff (ECF No. 12-6).

## Discussion

The defendant contends that the extended period for the plaintiff to file his federal court complaint expired on September 17, 2014.  Motion at 3 & nn. 2-3.  As noted, the complaint was filed on September 30, 2014.  ECF No. 1.  The defendant contends, Motion at 2 n.1 & 3 n.3, that when a filing deadline falls on a Saturday or Sunday, it is shortened to the previous business day, but the defendant cites no authority in this regard.  For purposes of the defendant's motion to dismiss, I assume that the deadline at issue was, at the earliest, September 18, 2014, the next business day after September 17.  However, even making that assumption in the plaintiff's favor, the complaint was filed on September 30, 2014, ECF No. 1, well after the extended deadline.

The 60-day limit and the means by which to extend it are imposed by statute:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commended within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

A court may extend the deadline only "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen v. City of New York,* 476 U.S. 467, 480 (1986) (citation and internal quotation marks omitted).

Here, the plaintiff presents two reasons why the defendant's extension of the deadline should be further extended by this court: his attorney did not receive a copy of the letter dated August 13, 2014, from the Appeals Council under November 17, 2014; and he sent a "new request

for clarification of the 'mailing timeline' of the extension granted 13th August 2014" to the Office of Disability & Adjudication on November 28, 2014, to which he did not expect a response until January 2015.  Opposition to Motion to Dismiss Appeal (ECF No. 14).  It is now May 2015, and no update has been filed with the court.

The August 13, 2014, letter shows that a copy was sent to the plaintiff.  ECF No. 14-1 at 2.  It is the date of mailing to the plaintiff, and possibly his date of receipt, that is relevant here, not the date when his former attorney may have received it.[2]  In any event, by his own submission, the plaintiff filed his complaint with this court well before his former attorney allegedly received the August 13, 2014, letter, so that alleged date of receipt cannot have any bearing on the question of the timeliness of the filing of the complaint.  It is the date of the plaintiff's receipt that could be considered by the court.  *E.g., McLaughlin v. Social Sec. Admin. Comm'r*, No. 1:10-cv-00263-JAW, 2012 WL 527975, at *1 (D. Me. Feb. 15, 2012).

The sixty-day limitation must be strictly construed, *Piscopo v. Secretary of Health & Human Servs.*, 27 F.3d 554 (Table), 1994 WL 283919, at *3 (1st Cir. June 27, 1994), a proviso that must logically extend to any extensions of that deadline by the defendant.  A request for clarification directed to the defendant, when the document for which clarification is sought is clear on its face, does not meet this standard.  A claimant who, with knowledge of the deadline for filing a complaint in court, chooses to file after that deadline and then submit to the agency a retroactive request for an extension to the date upon which he actually filed, ECF No. 14,[3] does so at his own

---

[2] The plaintiff has not submitted any sworn testimony or certified evidence to support his assertion that his former attorney did not receive this letter until after "the first half of November."  This statement alone is insufficient to overcome the regulatory presumption, 20 C.F.R. § 422.210(c), of the date of receipt.  *Reed v. Barnhart*, No. Civ. 04-206-B-W, 2005 WL 757862, at *3 (D. Me. Mar. 22, 2005).

[3] The plaintiff is apparently referring to his letter dated November 28, 2014 to the Office of Disability Adjudication & Review (ECF No. 14-1 at [4]), requesting an additional twelve days' extension of the deadline for filing an action in this court.  In that letter he asserts that he did not receive the August 13, 2014, letter "within the five day mailing period," but notably does not provide the date upon which he did receive it.

3

peril.  He cannot in this manner, merely by his own action, retroactively extend the applicable deadline.

## Conclusion

On the showing made, the plaintiff is not entitled to an equitable tolling of the filing deadline.  I recommend that the defendant's motion to dismiss be **GRANTED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 1st day of May, 2015.

>/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge